SUPREME COURT OF THE STATE OF
NEW YORK: WESTCHESTER COUNTY
------------------------------------------------------------X
MICHELLE WILSON,

                Plaintiff,

   -against-

**SUMMONS**

Index No.: 07/03811
Date purchased:
March 7, 2007

NORTHWESTERN MUTUAL INSURANCE
COMPANY,

                Defendant.
------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS: *NORTHWESTERN MUTUAL
INSURANCE COMPANY*

    You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within **twenty (20) days** after the service of this summons, exclusive of the day of service, or within **thirty (30) days** after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is place of contract.

Dated: February 22, 2007

                                   Yours, etc.,

*Eileen M Godbuy*
3/12/07    11:35 AM

                          DOUGLAS R. DOLLINGER, ESQ.
                            Attorney for Plaintiff(s)
                                P.O. Box 1111
                                96 Broadway
                                City of Newburgh
                            Newburgh, New York 12550
NORTHWESTERN MUTUAL        Tele (845) 562-9601
INSURANCE COMPANY
720 East Wisconsin Avenue
Milwaukee Wisconsin 53202-1797

Summons and Verified Complaint

SUPREME COURT OF THE STATE OF
NEW YORK: WESTCHESTER COUNTY
------------------------------------------------------------X
MICHELLE WILSON,

                      Plaintiff,

   -against-

**VERIFIED COMPLAINT**

Index No.: 07/03911
Date purchased:
March 7, 2007

NORTHWESTERN MUTUAL INSURANCE
COMPANY,

                      Defendant.
------------------------------------------------------------X

Plaintiff, as and for her Verified Complaint by and through her attorneys The Law Offices of Douglas R. Dollinger and Associates alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MICHELLE WILSON:

1. That at all times herein after mentioned, plaintiff, MICHELLE WILSON was and is a resident of the State of New York.

2. That at all times hereinafter mentioned, the defendant, *NORTHWESTERN MUTUAL INSURANCE COMPANY* was and still is a corporation or association duly organized and existing under the laws of the State of Wisconsin, with offices located at 720 East Wisconsin Avenue, Milwaukee, Wisconsin for the purpose of providing life insurance to its policy holders including Kenneth Wilson, Deceased.

3. That at all times prior to June 6, 2005, the defendants *NORTHWESTERN MUTUAL INSURANCE COMPANY* has been regularly conducting business in the State of New York and in the regular course of its business delivered and/or caused to be issued to Kenneth Wilson, Deceased, a policy of insurance, duly executed and attested and/or issued by *NORTHWESTERN MUTUAL INSURANCE COMPANY*, its President and/or Secretary respectively, and counter-signed by its duly authorized agent in New York State, the policy being numbered(s) 16852083 and 16852105 and in printed form as drawn and prepared by the defendant and designated therein as a policy covering generally, the death of the insured.

4. That in and by those polices, the defendant, *NORTHWESTERN MUTUAL INSURANCE COMPANY* in consideration of the stipulations in the policy named and premiums duly paid to by the named insured Kenneth Wilson, Deceased, said Defendant did insure Kenneth Wilson, Deceased from a time prior to June 6, 2005, up to and including June 29, 2005, in a combined amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS in the event of his death.

5. That on or about June 6, 2005, while within the period of coverage provided for in the policies Kenneth Wilson died.

6. That at all times prior to June 6, 2005 Kenneth Wilson, Deceased named the plaintiff MICHELLE WILSON as the sole intended beneficiary of the aforesaid polices.

Summons and Verified Complaint

7. That upon information and belief, the policy expressed and contained the following general stipulations and conditions designated as insured's duties in event of loss:

In the event of loss the insured shall:

give notice thereof as soon as practicable to the company or any of its authorized agents.

8. That at the time of the issuance and delivery of the policy and continuously from then to the time of the death of Kenneth Wilson, the defendants knew that said policy was the only contract insuring the Deceased for which he made or procured and knew that the plaintiff was aware of the policy and her status as the sole and intended beneficiary.

9. That as soon as practicable, the plaintiff, in or about June 2005, plaintiff duly notified the defendants of the death of Kenneth Wilson and her claim as intended beneficiary.

10. That thereafter plaintiff filed with the defendant her claim for payment of the claim in the form as required by the defendant, and that plaintiff has otherwise complied with all the terms and conditions of the policy on her part to be performed.

11. That on or about July 21, 2006, the defendant untimely notified the plaintiff of its refusal to pay the claim.

Summons and Verified Complaint

12. That as a result of the foregoing breach of contract, plaintiff MICHELLE WILSON has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, excluding interest and cost of this action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MICHELL WILSON:

13. Plaintiff, MICHELLE WILSON, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "12", inclusive with the same force an effect as though they were more fully set forth herein at length.

14. That upon information and belief, the defendant, has engaged in the practice of insuring policy holders against death while knowingly and intentionally denying payment of valid claims to intended beneficiaries so as to cause emotional and economic duress to the named beneficiaries.

15. That upon information and belief, in such cases the causes in support of the claims of denial in payment are untrue, and intended to inflict emotional pain, economic hardship and/or duress on the named beneficiaries' so as to cause the beneficiaries to settle their claims at an amount below the claimed value and/or the actual value so insured for, or so as to cause the named beneficiaries to abandon their claims.

16. That defendants are aware that the causes in support of the claims of denial of coverage and concerning Kenneth Wilson are untrue, speculative and have caused and continue to cause the plaintiff the economic and emotional harm intended.

17. That as a result of the forgoing, plaintiff is entitled to damages to be determined by a jury of this court.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MICHELLE WILSON:

18. Plaintiff, MICHELLE WILSON, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "17" inclusive, with the same force an effect as though they were more fully set forth herein at length.

19. That as a result of the foregoing, MICHELL WILSON has been unduly placed in a litigation posture for which she has and will incur legal expenses.

WHEREFORE: Plaintiff demands judgment against the defendant herein FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS with interest from June 6, 2005, on her "First Cause of Action"; a jury award for emotional and economic damages on her "Second Cause of action" and counsel fees, together with the costs and disbursements of this action.

Dated: Newburgh, New York
    February 22, 2007

Yours, etc.,

DOUGLAS R. DOLLINGER, ESQ.
Attorney for Plaintiff(s)
P.O. Box 1111
96 Broadway
City of Newburgh
Newburgh, New York 12550
Tele. (845) 562-9601

NORTH WESTERN MUTUAL
INSURANCE COMPANY
720 East Wisconsin
Milwaukee Wisconsin 53202-1797

Summons and Verified Complaint

## ATTORNEY VERIFICATION

State of New York )
              ) SS.:
County of Orange )

DOUGLAS R. DOLLINGER, ESQ., being duly sworn, deposes and says, that deponent is the attorney admitted to practice in the courts of New York State and the attorney of record for the plaintiffs in the within action; that deponent has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true. Your deponent further states that the reason your deponent makes the within verification and not the plaintiff(s) is that the plaintiff(s) resides in the county other than the county where your deponent maintains his offices.

The grounds for your deponent's beliefs as to matters not stated upon your deponent's own knowledge are as follows: statements of the plaintiff(s) and deponents own general investigation into the facts and circumstances of this action.

Affirmed: Newburgh, New York
        February 22, 2007

_____
DOUGLAS R. DOLLINGER, ESQ.

Summons and Verified Complaint