UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MICHELLE WILSON

                           Civil Action No. 07 CV 2790

                 Plaintiff,

          -against-                     **NOTICE OF MOTION**

NORTHWESTERN MUTUAL INSURANCE COMPANY,

                 Defendant.
-------------------------------------------------------------------------X

**S I R S:**

     **PLEASE TAKE NOTICE**, that upon the annexed affirmation of NORMAN L. TOLLE, ESQ., dated April 13, 2007, and the accompanying memorandum of law, the undersigned will move this court before the Honorable Judge Charles L. Brieant on May 18, 2007 at 10:00 a.m. at the Courthouse located at 300 Quarropas Street, White Plains, New York 10601, for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing plaintiff Michelle Wilson's demands for compensatory damages and attorneys' fees, together with such other and further relief as to this Honorable Court seems just and proper.

     **PLEASE TAKE FURTHER NOTICE**, that pursuant to Local Civil Rule 6.1(b), plaintiff's opposition must be served on or before April 27, 2006, and defendant's reply must be served on or before May 4, 2007.

Dated: Uniondale, New York
       April 13, 2007

Respectfully submitted,

RIVKIN RADLER LLP
Attorneys for Defendant
THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY

By: *Norman Tolle*

NORMAN L. TOLLE, ESQ. (NT 5081)
926 Reckson Plaza
Uniondale, New York 11556-0111
(516) 357-3000

TO:   Douglas R. Dollinger, Esq.
      P.O. Box 1111
      96 Broadway
      City of Newburgh
      Newburgh, New York 12550
      (845) 562-9601

2031361 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MICHELLE WILSON

                                  Plaintiff,

-against-

NORTHWESTERN MUTUAL INSURANCE COMPANY,

                                 Defendant.
------------------------------------------------------------------------X

Civil Action No. 07 CV 2790 (CLB)

**AFFIRMATION OF NORMAN L. TOLLE**

Norman L. Tolle affirms under the penalties of perjury as follows:

1. I am a partner in the law firm of Rivkin Radler LLP, counsel for The Northwestern Mutual Life Insurance Company (incorrectly named as Northwestern Mutual Insurance Company) ("Northwestern Mutual"), and, as such, am fully familiar with all the facts and circumstances herein.

2. Attached hereto as Exhibit "A" is a copy of plaintiff's Complaint dated January March 7, 2007 in which she seeks payment from Northwestern Mutual of death benefits under a life insurance policy held by Kenneth Wilson who died on or about June 6, 2005.

3. The Complaint alleges breach of contract (Count I) and a practice by Northwestern of "insuring policy holders against death while knowingly and intentionally denying payment of valid claims to intended beneficiaries so as to cause emotional and economic duress to the named beneficiaries" (Count II), and seeks "the sum of $500,000" with interest from June 6, 2005, consequential damages, attorneys' fees and costs and disbursements.

4. Northwestern Mutual now moves pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure to dismiss plaintiff's demands for consequential damages and for attorneys' fees on the grounds that such damages are not recoverable in a breach of contract claim by an insured against its insurer.

5. The accompanying Memorandum of Law sets forth Northwestern Mutual's factual and legal arguments in support of its motion.

Uniondale, New York
April 13, 2007

*[signature: Norman Tolle]*

NORMAN L. TOLLE (NT 5081)

TO: Douglas R. Dollinger, Esq.
P.O. Box 1111
96 Broadway
City of Newburgh
Newburgh, New York 12550
(845) 562-9601

2031364 v1

Exhibit A

SUPREME COURT OF THE STATE OF
NEW YORK: WESTCHESTER COUNTY
------------------------------------------------------------X
MICHELLE WILSON,

                     Plaintiff,

    -against-

NORTHWESTERN MUTUAL INSURANCE
COMPANY,

                     Defendant.
------------------------------------------------------------X

VERIFIED COMPLAINT

Index No.: 07/03911
Date purchased:
March 7, 2007

RECEIVED
MAR -7 2007

    Plaintiff, as and for her Verified Complaint by and through her attorneys The Law Offices of Douglas R. Dollinger and Associates alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MICHELLE WILSON:

1. That at all times herein after mentioned, plaintiff, MICHELLE WILSON was and is a resident of the State of New York.

2. That at all times hereinafter mentioned, the defendant, NORTHWESTERN MUTUAL INSURANCE COMPANY was and still is a corporation or association duly organized and existing under the laws of the State of Wisconsin, with offices located at 720 East Wisconsin Avenue, Milwaukee, Wisconsin for the purpose of providing life insurance to its policy holders including Kenneth Wilson, Deceased.

3.  That at all times prior to June 6, 2005, the defendants *NORTHWESTERN MUTUAL INSURANCE COMPANY* has been regularly conducting business in the State of New York and in the regular course of its business delivered and/or caused to be issued to Kenneth Wilson, Deceased, a policy of insurance, duly executed and attested and/or issued by *NORTHWESTERN MUTUAL INSURANCE COMPANY*, its President and/or Secretary respectively, and counter-signed by its duly authorized agent in New York State, the policy being numbered(s) 16852083 and 16852105 and in printed form as drawn and prepared by the defendant and designated therein as a policy covering generally, the death of the insured.

4.  That in and by those polices, the defendant, *NORTHWESTERN MUTUAL INSURANCE COMPANY* in consideration of the stipulations in the policy named and premiums duly paid to by the named insured Kenneth Wilson, Deceased, said Defendant did insure Kenneth Wilson, Deceased from a time prior to June 6, 2005, up to and including June 29, 2005, in a combined amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS in the event of his death.

5.  That on or about June 6, 2005, while within the period of coverage provided for in the policies Kenneth Wilson died.

6.  That at all times prior to June 6, 2005 Kenneth Wilson, Deceased named the plaintiff MICHELLE WILSON as the sole intended beneficiary of the aforesaid polices.

7. That upon information and belief, the policy expressed and contained the following general stipulations and conditions designated as insured's duties in event of loss:

In the event of loss the insured shall:

give notice thereof as soon as practicable to the company or any of its authorized agents.

8. That at the time of the issuance and delivery of the policy and continuously from then to the time of the death of Kenneth Wilson, the defendants knew that said policy was the only contract insuring the Deceased for which he made or procured and knew that the plaintiff was aware of the policy and her status as the sole and intended beneficiary.

9. That as soon as practicable, the plaintiff, in or about June 2005, plaintiff duly notified the defendants of the death of Kenneth Wilson and her claim as intended beneficiary.

10. That thereafter plaintiff filed with the defendant her claim for payment of the claim in the form as required by the defendant, and that plaintiff has otherwise complied with all the terms and conditions of the policy on her part to be performed.

11. That on or about July 21, 2006, the defendant untimely notified the plaintiff of its refusal to pay the claim.

12. That as a result of the foregoing breach of contract, plaintiff MICHELLE WILSON has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, excluding interest and cost of this action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MICHELL WILSON:

13. Plaintiff, MICHELLE WILSON, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "12", inclusive with the same force an effect as though they were more fully set forth herein at length.

14. That upon information and belief, the defendant, has engaged in the practice of insuring policy holders against death while knowingly and intentionally denying payment of valid claims to intended beneficiaries so as to cause emotional and economic duress to the named beneficiaries.

15. That upon information and belief, in such cases the causes in support of the claims of denial in payment are untrue, and intended to inflict emotional pain, economic hardship and/or duress on the named beneficiaries' so as to cause the beneficiaries to settle their claims at an amount below the claimed value and/or the actual value so insured for, or so as to cause the named beneficiaries to abandon their claims.

16. That defendants are aware that the causes in support of the claims of denial of coverage and concerning Kenneth Wilson are untrue, speculative and have caused and continue to cause the plaintiff the economic and emotional harm intended.

17.  That as a result of the forgoing, plaintiff is entitled to damages to be determined by a jury of this court.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MICHELLE WILSON:

18.  Plaintiff, MICHELLE WILSON, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "17" inclusive, with the same force an effect as though they were more fully set forth herein at length.

19.  That as a result of the foregoing, MICHELL WILSON has been unduly placed in a litigation posture for which she has and will incur legal expenses.

*WHEREFORE:*  Plaintiff demands judgment against the defendant herein FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS with interest from June 6, 2005, on her "First Cause of Action"; a jury award for emotional and economic damages on her 'Second Cause of action " and counsel fees, together with the costs and disbursements of this action.

Dated: Newburgh, New York
       February 22, 2007

                                       Yours, etc.,

                                       _____
                                       DOUGLAS R. DOLLINGER, ESQ.
                                       Attorney for Plaintiff(s)
                                       P.O. Box 1111
                                       96 Broadway
                                       City of Newburgh
NORTH WESTERN MUTUAL                   Newburgh, New York 12550
INSURANCE COMPANY                      Tele. (845) 562-9601
720 East Wisconsin
Milwaukee Wisconsin 53202-1797

Summons and Verified Complaint
Received Time Mar. 12.  1:11PM

MAR. 12. 2007  3:10PM    OF  HODGKINS AGENCY  8454527657                    NO. 3215   P. 8

## ATTORNEY VERIFICATION

State of New York )
                 ) SS.:
County of Orange )

DOUGLAS R. DOLLINGER, ESQ., being duly sworn, deposes and says, that deponent is the attorney admitted to practice in the courts of New York State and the attorney of record for the plaintiffs in the within action; that deponent has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true. Your deponent further states that the reason your deponent makes the within verification and not the plaintiff(s) is that the plaintiff(s) resides in the county other than the county where your deponent maintains his offices.

The grounds for your deponent's beliefs as to matters not stated upon your deponent's own knowledge are as follows: statements of the plaintiff(s) and deponents own general investigation into the facts and circumstances of this action.

Affirmed: Newburgh, New York
          February 22, 2007

_____
DOUGLAS R. DOLLINGER, ESQ.

Summons and Verified Complaint

Received Time Mar. 12.  1:11PM

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) SS. :
COUNTY OF NASSAU           )

I, Lisa Sullo being sworn, say:

I am not a party to the action, am over 18 years of age and reside in West Babylon, New York.

On April 13, 2007, I served the within **Notice of Motion and Affirmation of Norman L. Tolle** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Douglas R. Dollinger, Esq.
P.O. Box 1111
96 Broadway
Newburgh, New York  12550

_____
Lisa Sullo

Sworn to before me this
13th day of April, 2007

_____
Notary Public

MARY ELLEN CENTRONE
Notary Public, State of New York
No. 01CE4891234
Qualified in Nassau County
Commission Expires 4/28/07

Index No. CV 2790 (CLB)  Year 07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE WILSON,

                                                                    Plaintiff(s),

-against-

NORTHWESTERN MUUTAL INSURANCE COMPANY,

                                                                    Defendant(s).

## NOTICE OF MOTION AND AFFIRMATION OF NORMAN L. TOLLE

*Attorneys for* **RIVKIN RADLER LLP**
Defendant
926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE# 009135-00026

To:

*Attorney(s) for*

Service of a copy of the within                                          is hereby admitted.

Dated:

..........................................................................................

*Attorney(s) for*

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY — that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                    20

☐ NOTICE OF SETTLEMENT — that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,
at
on                                   20     , at         M.

Dated:

                                                    **RIVKIN RADLER LLP**
                                        *Attorneys for*

                                        926 RECKSON PLAZA
                                        UNIONDALE, NEW YORK 11556-0926

To: