UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MICHELLE WILSON                                    Civil Action No. 07 CV 2790
                                                   (CLB)
                Plaintiff,

    -against-

NORTHWESTERN MUTUAL INSURANCE COMPANY,

                Defendant.
-------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS


RIVKIN RADLER LLP
926 Reckson Plaza
Uniondale, New York 11556-0111
(516) 357-3000

Attorneys for Defendant
The Northwestern Mutual Life
Insurance Company

Of Counsel:
Norman L. Tolle

## PRELIMINARY STATEMENT

Michelle Wilson ("plaintiff") commenced this action against defendant The Northwestern Mutual Life Insurance Company (incorrectly named as Northwestern Mutual Insurance Company) ("Northwestern Mutual") with the filing of a Summons and Verified Complaint (the "Complaint") on or about March 7, 2007. The Complaint, a true and correct copy of which is annexed to the Affirmation of Norman L. Tolle as Exhibit "A", alleges that Northwestern Mutual has "untimely notified the plaintiff of its refusal to pay the claim," and demands $500,000 "as a result of the foregoing breach of contract," as well as emotional and economic damages and attorneys' fees. Northwestern Mutual now moves to dismiss plaintiff's claims for consequential damages and attorneys' fees.

## THE COMPLAINT

In her Complaint, plaintiff alleges that Northwestern Mutual issued a policy of life insurance to Kenneth Wilson (the "Decedent") from "a time prior to June 6, 2005," the policy being numbered(s) 16852083 and 16852105 ("policy").[1] (Complaint ¶ 3). On or about June 6, 2005, while within the period of coverage provided for in the policies, Kenneth Wilson died, at which point the death benefits under the policy became payable. (Complaint ¶ 5). The Complaint claims that "at all times prior to June 6, 2005," the Decedent named the plaintiff as the sole intended beneficiary of the aforesaid policies. (Complaint ¶ 6). Plaintiff further alleges that she duly notified Northwestern of the death of Kenneth Wilson and her claim as intended beneficiary. (Complaint ¶ 9), but that "on or about July 21, 2006, the defendant untimely notified the plaintiff of its refusal to pay the claim." (Complaint ¶ 11). Plaintiff demands the "sum of $500,000" (Complaint ¶ 12),

---

[1] While not relevant to this motion, Northwestern Mutual notes that it issued two policies on Kenneth Wilson's life, one in the face amount of $350,000 and one in the face amount of $150,000.

1

with interest from June 6, 2005, consequential damages (Complaint ¶¶ 16-17), and attorneys' fees, together with the costs and disbursements of this action. (Complaint ¶ 19).

There are absolutely no facts set forth in the Complaint to support plaintiff's allegations regarding Northwestern Mutual's handling of her claim. In fact, that portion of the Complaint consists of nothing but "conclusory allegations" – that Northwestern Mutual's refusal to pay plaintiff the death benefits to which she was entitled as the sole intended beneficiary of the aforesaid policy (Complaint ¶6) constituted a common practice where Northwestern Mutual "knowingly and intentionally" denied "payment of valid claims to intended beneficiaries so as to cause emotional and economic duress to the named beneficiaries." (Complaint ¶14). To the extent, if any, that plaintiff has stated a viable cause of action, it can be for nothing other than breach of contract. Since it is well-established law that an ordinary breach of contract claim in the insurance context will support only compensatory damage claims, plaintiff's demands for consequential damages and for attorneys' fees must be dismissed.

## STANDARD FOR DISMISSAL

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Strougo v. Bassini, 282 F.3d 162, 167 (2d Cir. 2002) (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)); Gryl ex rel. Shire Pharms. Group PLC v. Shire Pharms. Group PLC., 298 F.3d 136, 140 (2d Cir. 2002) (quoting Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000)). Moreover, while the court must accept the factual allegations of the Complaint as true, "'legal conclusions,

2

deductions or opinions couched as factual allegations are not given a presumption of truthfulness.'" Mason v. Am. Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003) (quoting United States v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 27 (2d Cir. 1989)); see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Although Federal Rule of Civil Procedure ("F.R.C.P.") 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," it is understood that the Complaint must at least set forth enough details "to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957); see also Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998) (upholding dismissal of cause of action when the complaint "failed to include any details" to put defendant or court on notice of claim). Consequently, in order to survive a motion to dismiss, the plaintiff's claims must be "supported by specific and detailed factual allegations," and not expressed in "wholly conclusory terms" Friedl v. City of New York, 210 F.3d 79, 85-86 (2d Cir. 2000) (quoting Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)). Furthermore, the claimant must either allege the elements of, or, at the least, allege facts to support each and every element of the asserted cause of action. 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216 (2002).

## ARGUMENT

I. **PLAINTIFF'S SECOND CAUSE OF ACTION MUST BE DISMISSED**

### A. Plaintiff Has Failed to Allege a Tort Independent of the Policy to Support A Claim For Consequential Damages.

The decisions from the New York Court of Appeals are clear - a plaintiff may not maintain a claim for extra-contractual damages, i.e., consequential and punitive damages, unless there is an independent tort separate and apart from the breach of contract claim. Plaintiff's claim that Northwestern Mutual made a practice of "knowingly and intentionally denying payment of valid claims to intended beneficiaries so as to cause emotional and economic duress to the named beneficiaries" is not sufficient to establish an independent tort because the courts have held that bad faith claims within the insurance context are almost always subsumed within the plaintiff's contractual claim. In New York University v. Continental Insurance Company et al., 87 N.Y.2d 308, 639 N.Y.S.2d 283, (1995) (citations omitted), the New York Court of Appeals dismissed the plaintiff's claim for breach of the covenant of good faith, finding it duplicative of his claim for breach of contract, and stated that "where a party is merely seeking to enforce its bargain, a tort claim will not lie. . . ." Id. at 316.

Even if found not to be duplicative of the contractual claim, an allegation of failing to act in good faith is simply not sufficient to support a claim for extra-contractual damages. In Dekel v. Unum Provident Corp., 2007 U.S. Dist. LEXIS 17819, at *3 (E.D.N.Y. 2007), the insured alleged that the insurer acted in bad faith by engaging in a practice of "terminating high-dollar claims without any justification." However, the Court held that "New York law does not recognize a tort of bad faith denial of coverage by an insurance company." Id. Moreover, the Court did not find any evidence of an

4

independent tort sufficient to sustain a claim for extra-contractual damages. Id., at *4. See also Teller v. Bill Hayes Ltd., 213 A.D.2d 141, 630 N.Y.S.2d 769 (2d Dep't 1995) (dismissing negligence claim where the plaintiff was not able to allege a duty owed by the defendant to the plaintiff other than that contained in the contract); Mindset Ltd. v. Quality Controlled Biochemicals, Inc., 2000 U.S. Dist. LEXIS 268, 5-6 (S.D.N.Y. 2000) ("The breach of a contract does not give rise to tort liability unless a legal duty independent of the contract itself has been violated").

In the case at hand, plaintiff's vague and unsupported conclusory allegations do not allege an independent tort upon which plaintiff can base a claim of bad faith or a demand for extra-contractual damages.

### B. Consequential Damages Cannot Be Awarded in Connection With Plaintiff's Breach of Contract Claims.

"It is well settled that a breach of contract is compensable by contract damages alone." Metropolitan Life Ins. Co. v. Noble Lowndes Int'l, 192 A.D.2d 83, 88 (1st Dep't 1993). Therefore, consequential damage demands are not considered in a breach of contract case unless either the contract specifically provided for them or the consequential damages were foreseeable at the time the parties entered into the contract. Since plaintiff has not even alleged, much less established, either of the above, she cannot sustain an action for consequential damages. See Brody Truck Rental, Inc. v. Country Wide Ins. Co., 277 A.D.2d 125 (1st Dep't 2000); Martin v. Metropolitan Prop. And Cas. In. Co., 238 A.D. 2d 389, 390 (2d Dep't 1997).

In the case at hand, none of the benefits provided by the policy include a provision for the recovery of consequential damages. In High Fashions Hair Cutters v. Commercial Union Ins. Co., 145 A.D.2d 465, 535 N.Y.S.2d 425 (2d Dep't 1988), a case

5

involving claims for first party insurance coverage under a business interruption policy, the Court held that "[t]he Plaintiff was not entitled to consequential or indirect damages since the policy did not contain a specific provision permitting recovery for such loss." Id. at 467, 535 N.Y.S.2d at 427. Similarly, since the Decedent and Northwestern Mutual did not contract for the recovery of consequential damages, plaintiff is not entitled to such damages under the policy. See Globecon Group, LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 176 (2d Cir. 2006) ("There is significant New York authority for the proposition that a party seeking consequential damages must identify specific contractual provisions demonstrating that recovery of such damages was contemplated by the parties"); Grand Metro Transit Mix Corp. v. Michigan Mutual Ins. Co., 170 Misc. 2d 872, 652 N.Y.S.2d 691 (N.Y. Sup. Ct. Nassau Cty. 1996) (dismissing an insured's claim for consequential damages resulting from the liquidation and closing of its business due to the alleged failure of the insurance company to timely pay under a business interruption policy); Somers v. Bankers Life & Casualty Co., 142 A.D.2d 780, 782, 530 N.Y.S.2d 676, 679 (3d Dep't 1988) ("Moreover, damages for breach of an insurance policy contract are generally limited to coverage expressed in such policy").

Since the Decedent did not contract for consequential damages, the only way that the plaintiff can maintain her claim for such damages is to allege facts demonstrating that these damages were foreseeable and within the contemplation of the parties when the policy was issued. See Sweazey v. Merchants Mutual Ins. Co., 169 A.D.2d 43, 45, 571 N.Y.S.2d 131, 132 (3d Dep't 1991). However, it is clear that in such cases, the courts of New York "regard foreseeability very strictly." Mercantile & Gen. Reinsurance Co. v.

Spanno Corp., Index No. 28596/82, 1991 N.Y. Misc. LEXIS 201, at *18 (N.Y. Sup. Ct. N.Y. Cty. 1991) (dismissing Plaintiff's claims for consequential damages).

In Halpin v. Prudential Ins. Co., 48 N.Y.2d 906, 425 N.Y.S.2d 48 (1979), the plaintiff sought consequential damages for an alleged wrongful failure to pay disability benefits. After noting the distinction between first party insurance (*e.g.*, disability insurance and business overhead insurance) and third party insurance (*e.g.*, automobile liability coverage for negligent acts), the Court stated that, unlike third party insurance where damages are owed to another person, "there is no possibility of an insured being cast in damages which exceed policy limits by reason of the insurer's conduct" in a first party insurance matter. Halpin, 48 N.Y.2d at 908, 425 N.Y.S.2d at 48. Therefore, damages in excess of first party insurance policy limits are not deemed foreseeable. See also Harris v. Provident Life And Accident Ins. Co., 310 F.3d 73 (2d Cir. 2002) (explaining that a claim for bad faith under a third party liability insurance policy is wholly inapposite to a claim for bad faith under a first party insurance policy).

Under this strict foreseeability standard, the courts will allow the recovery of consequential damages only when "such unusual or extraordinary damages . . . have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting." White v. Blue Cross & Blue Shield, 146 Misc.2d 125, 129, 549 N.Y.S.2d 598, 601 (N.Y. Sup. Ct. N.Y. Cty. 1989) (dismissing plaintiff's claims for damages relating to the sale of the house and other alleged consequential damages due to a failure to timely pay medical bills) (quoting Kenford Co. v. County of Erie, 73 N.Y.2d 312, 319, 540 N.Y.S.2d 1, 3-4 (1989)). Since plaintiff in the case at hand does not allege that her damages were foreseeable at the time the policy was issued, and she

does not provide a single fact which would support such a contention, it is clear that she may not maintain a cause of action for consequential damages.

## II. PLAINTIFF'S FOURTH CAUSE OF ACTION MUST BE DISMISSED

### A. Plaintiff Is Not Entitled To Attorneys' Fees Or Other Costs.

"It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." New York University, 87 N.Y.2d at 324 (citing Mighty Midgets v. Centennial Ins. Co., 47 N.Y.2d 12, 21 (1979), Grimsey v. Lawyers Tit. Ins. Corp., 31 N.Y.2d 953 (1972) and Doyle v. Allstate Ins. Co., 1 N.Y. 2d 439 (1956); see also Mazzuoccolo v. Cinelli, 245 A.D.2d 245, 248 (1st Dep't 1997) ("No fees are recoverable where, as here, it is the insured who initiated legal action to determine its rights under the policy."); Gold v. Nationwide Mutual Ins. Co., 273 A.D.2d 354, 354 (2d Dep't 2000). As the Court of Appeals explained in Mighty Midgets:

> It is a rule in New York that such a recovery may not be had in an affirmative action brought by the assured to settle its rights, but only when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations.

Mighty Midgets, 47 N.Y.2d at 21. Plaintiff, having initiated this suit against Northwestern, cannot claim to have been cast into a "defensive posture." Accordingly, her demand for attorneys' fees, costs and disbursements must be dismissed.

## CONCLUSION

For all the reasons set forth above, plaintiff's demands for consequential damages, attorneys' fees, costs and disbursements must be dismissed.

Dated: Uniondale, New York
      April 13, 2007

By: /s/ Norman Tolle
Norman L. Tolle
RIVKIN RADLER LLP
Attorneys for Defendant
The Northwestern Mutual Life Insurance Company
926 Reckson Plaza
Uniondale, New York 11556-0926
(516) 357-3000

TO:    Douglas R. Dollinger, Esq.
        P.O. Box 1111
        96 Broadway
        City of Newburgh
        Newburgh, New York 12550
        (845) 562-9601

2026062 v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             ) SS. :
COUNTY OF NASSAU             )

I, Lisa Sullo being sworn, say:

I am not a party to the action, am over 18 years of age and reside in West Babylon, New York.

On April 13, 2007, I served the within **Memorandum of Law in Support of The Northwestern Mutual Life Insurance Company's Motion to Dismiss** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Douglas R. Dollinger, Esq.
P.O. Box 1111
96 Broadway
Newburgh, New York 12550

_____
Lisa Sullo

Sworn to before me this
13th day of April, 2007

_____
Notary Public

MARY ELLEN CENTRONE
Notary Public, State of New York
No. 01CE4891234
Qualified in Nassau County
Commission Expires _4/31/07_