UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHELLE WILSON,

                          Plaintiff,

-against-

NORTHWESTERN MUTUAL INSURANCE
COMPANY,

                          Defendant.

----------------------------------------------------------------X

Civil Action No. 07 CV 2790
(CLB)

**REPLY AFFIRMATION OF NORMAN L. TOLLE IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

    Norman L. Tolle affirms under the penalties of perjury as follows:

    1.    I am a partner in the law firm of Rivkin Radler LLP, counsel for The Northwestern Mutual Life Insurance Company (incorrectly named as Northwestern Mutual Insurance Company) ("Defendant"), and, as such, am fully familiar with all the facts and circumstances herein.

    2.    I respectfully submit this Affirmation in further support of Defendant's motion for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing plaintiff Michelle Wilson's ("Plaintiff") demands for compensatory damages and attorneys' fees and in reply to Plaintiff's opposition to Defendant's motion to dismiss.

    3.    Plaintiff commenced this action in the Supreme Court of the State of New York, Westchester County, by filing a Summons and Complaint (the "Original Complaint") on or about March 7, 2007 seeking payment of death benefits by Defendant under a life insurance policy insuring the decedent, Kenneth Wilson. The Original Complaint alleges breach of contract (Count I) and a practice by Defendant of "insuring policy holders against death while knowingly and intentionally denying payment of valid claims to intended beneficiaries so as to cause

emotional and economic duress to the named beneficiaries" (Count II), and seeks "the sum of $500,000" with interest from June 6, 2005, consequential damages, attorneys' fees and costs and disbursements. On or about April 13, 2007, after properly removing this action to the United States District Court for the Southern District of New York, Defendant filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's demands for consequential damages and for attorneys' fees on the grounds that such damages are not recoverable in a breach of contract claim by an insured against its insurer.

4.    In opposition to Defendant's motion to dismiss, Plaintiff filed an Attorney's Affirmation in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. Rule Civ. Pro. 12(b)(6) ("Affirmation in Opposition"). However, Plaintiff has not provided a substantive response to Defendant's motion to dismiss. The Affirmation in Opposition wholly fails to respond to any of the arguments put forth by Defendant in its motion papers. In fact, the only mention of Defendant's motion to dismiss are in paragraphs 2 and 3 of the Affirmation in Opposition, which states:

> 2. . . . The first Motion is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). That Motion is returnable May 18, 2007.
>
> 3. The motion alleges that the Plaintiff's Complaint lacks a factual foundation for consequential damages and legal basis for attorney's fees, and as such these claims should be dismissed.

5.    Rather than providing a substantive opposition to Defendant's Motion to Dismiss, Plaintiff served a motion seeking leave to amend the Original Complaint. However, to the extent that Plaintiff seeks to replace the Original Complaint with an amended pleading, Plaintiff has not done so correctly. Plaintiff has not filed an amended federal court complaint that can replace the Original Complaint now pending in this court. Instead, Plaintiff has simply filed a motion for

leave to amend the Original Complaint. In addition, Plaintiff's proposed Amended Verified Complaint contains a state court, rather than a federal court, caption. See Exhibit "B" to Plaintiff's Affirmation in Support of Plaintiff's Motion to Amend the Summons and Complaint. Therefore, the Court must find that Plaintiff has not filed any opposition, substantive or otherwise, to Defendant's motion to dismiss.

WHEREFORE, Defendant respectfully requests that its motion for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing those portions of the Original Complaint which demand compensatory damages and attorneys' fees order be granted in its entirety.

Dated: Uniondale, New York
May 8, 2007

NORMAN L. TOLLE (NT 5081)

2037650 v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) SS. :
COUNTY OF NASSAU         )

I, Lisa Sullo being sworn, say:

I am not a party to the action, am over 18 years of age and reside in West Babylon, New York.

On May 8, 2007, I served the within **Reply Affirmation of Norman L. Tolle in Further Support of Defendant's Motion to Dismiss** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Douglas R. Dollinger, Esq.
P.O. Box 1111
96 Broadway
Newburgh, New York  12550

_____
Lisa Sullo

Sworn to before me this
8th day of May, 2007

_____
Notary Public

MARY ELLEN CENTRONE
Notary Public, State of New York
No. 01CE4891234
Qualified in Nassau County
Commission Expires _____

Index No. CV 2790 (CLB)    Year 07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE WILSON,

Plaintiff(s),

-against-

NORTHWESTERN MUUTAL INSURANCE COMPANY,

Defendant(s).

---

**REPLY AFFIRMATION OF NORMAN L. TOLLE IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

RIVKIN RADLER LLP

*Attorneys for* Defendant

926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE# 009135-00026

---

*To:*

*Attorney(s) for*

---

*Service of a copy of the within*    *is hereby admitted.*

*Dated:*

........................................................................

*Attorney(s) for*

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY    *that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on*    20

☐ NOTICE OF SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court,*

*at*

*on*    20    *, at*    M.

*Dated:*

Check Applicable Box

RIVKIN RADLER LLP
*Attorneys for*

926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926

*To:*