UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHELLE WILSON,

                                Plaintiff,

             -against-

NORTHWESTERN MUTUAL INSURANCE
COMPANY,

                              Defendant.

Civil Action No. 07 CV 2790
(CLB)

**AFFIRMATION OF NORMAN L. TOLLE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER PERMITTING JOINDER AND REMAND BACK TO STATE COURT**

------------------------------------------------------------------X

      Norman L. Tolle affirms under the penalties of perjury as follows:

      1.     I am a partner in the law firm of Rivkin Radler LLP, counsel for The Northwestern Mutual Life Insurance Company (incorrectly named as Northwestern Mutual Insurance Company) ("Defendant"), and, as such, am fully familiar with all the facts and circumstances herein.

      2.     I respectfully submit this Affirmation in opposition to Michelle Wilson's ("Plaintiff") motion for an order, pursuant to Title 28, United States Code Section 1447, permitting joinder of an additional party and remanding the instant action back to state court.

      3.     Plaintiff commenced this action in the Supreme Court of the State of New York, Westchester County, by filing a Summons and Complaint on or about March 7, 2007 (the "Original Complaint"). On or about April 6, 2007, Defendant properly removed this action to the United States District Court for the Southern District of New York pursuant to Title 28, United State Code Section 1441 based on this Court's original jurisdiction under the provisions of Title 28, United States Code Section 1332 in that this is a civil action and the matter in

controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between citizens of different states.

4.  Upon information and belief, Plaintiff, at the time this action was commenced, was and still is a citizen of the State of New York. Defendant, was and still is a mutual life insurance company chartered under the laws of the State of Wisconsin, with its principal place of business in Milwaukee, Wisconsin and was not and is not a citizen of the State of New York wherein this action was brought.

5.  On or about April 13, 2007, Defendant filed a motion to dismiss plaintiff's claims for compensatory damages and attorneys fees, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

6.  Plaintiff has now brought the instant motion seeking to join an additional defendant and to remand this action back to state court pursuant to Title 28, United States Code Section 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

7.  Plaintiff's motion must be denied. Plaintiff has no viable argument for remand pursuant to Title 28, United States Code Section 1447(e) because there is no pleading before this Court that destroys subject matter jurisdiction. Plaintiff has not filed an amended federal court complaint that can replace the Original Complaint. Instead, Plaintiff has simply filed, simultaneously with this motion for joinder and remand, a motion for leave to amend the Original Complaint. Not only is Plaintiff's motion for leave to amend the Original Complaint unnecessary because Plaintiff can amend the Original Complaint once as a matter of course since Defendant has not filed a responsive pleading, but Plaintiff has failed to file an amended federal

court pleading in this court. Therefore, the only pleading that this Court may consider in reviewing Plaintiff's Motion for Joinder and Remand is the Original Complaint.

8.  Based on the allegations in the Original Complaint, this Court has jurisdiction under the provisions of Title 28, United States Code Section 1332 in that this is a civil action, the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between citizens of different states. Therefore, Plaintiff's Motion for Joinder and Remand must be denied because the only pleading the Court may consider is the Original Complaint, for which complete diversity exists between the parties.

WHEREFORE, Defendant respectfully requests that Plaintiff's motion for an order permitting joinder and remand back to state court be denied in its entirety.

Dated: Uniondale, New York
       May 8, 2007

*Norman Tolle*
NORMAN L. TOLLE (NT 5081)

2037697 v1

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) SS. :
COUNTY OF NASSAU       )

I, Lisa Sullo being sworn, say:

I am not a party to the action, am over 18 years of age and reside in West Babylon, New York.

On May 8, 2007, I served the within **Affirmation of Norman L. Tolle in Opposition to Plaintiff's Motion for an Order Permitting Joinder and Remand Back to State Court** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Douglas R. Dollinger, Esq.
P.O. Box 1111
96 Broadway
Newburgh, New York  12550

_____
Lisa Sullo

Sworn to before me this
8th day of May, 2007

_____
Notary Public

MARY ELLEN CENTRONE
Notary Public, State of New York
No. 01CE4891234
Qualified in Nassau County
Commission Expires 4/27/2011

Index No. CV 2790 (CLB) Year 07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE WILSON,

                                                  Plaintiff(s),

-against-

NORTHWESTERN MUUTAL INSURANCE COMPANY,

                                                  Defendant(s).

## AFFIRMATION OF NORMAN L. TOLLE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER PERMITTING JOINDER AND REMAND BACK TO STATE COURT

*Attorneys for* **RIVKIN RADLER LLP**
Defendant
926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE# 009135-00026

To:

Attorney(s) for

Service of a copy of the within                                         is hereby admitted.

Dated:

                                          Attorney(s) for

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY    that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on        20

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court,
at
on        20     , at      M.

Dated:

                                          **RIVKIN RADLER LLP**
                                *Attorneys for*

                                926 RECKSON PLAZA
                            UNIONDALE, NEW YORK 11556-0926

To:

                                                                FILE#        .        /