Exhibit 1

Exhibit 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MICHELLE WILSON,

                Plaintiff(s),

      vs.

NORTHWESTERN MUTUAL INSURANCE COMPANY,

                Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

Case No.: 07CV2790 (CLB)
HON. CHARLES L. BRIEANT

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

## *PRELIMINARY STATEMENT*

*1.*      This action is brought by Plaintiff **MICHELLE WILSON** (hereinafter from time-to-time **"WILSON")** beneficiary against the Defendant **NORTHWESTERN MUTUAL INSURANCE COMPANY** (hereafter from time-to-time **"NORTHWESTERN")** for payment of life insurance proceeds under the policies issued to her late husband Kenneth Wilson.

## *JURISDICTION AND VENUE*

*2.*      Jurisdiction of this Court is founded on 28 U.S.C. §1332 based on a claim of diversity of citizenship wherein the claim exceeds the monetary threshold required under the Statute.

*3.*      Venue is proper pursuant to 28 U.S.C. §1391(b) and principles of supplemental jurisdiction, 28 U.S.C. §1367 because many of the acts and conduct

charged herein occurred in this district.

*4.* This Court has pendant jurisdiction over those claims as asserted herein that arise under the laws of the State of New York.

### *COUNT I*

*5.* That at all times herein after mentioned, plaintiff, ***MICHELLE WILSON*** was and is a resident of the State of New York.

*6.* That at all times hereinafter mentioned, the defendant, ***NORTHWESTERN MUTUAL INSURANCE COMPANY*** was and still is a corporation or association duly organized and existing under the laws of the State of Wisconsin, with offices located at 720 East Wisconsin Avenue, Milwaukee, Wisconsin for the purpose of providing life insurance to its policy holders including Kenneth Wilson, Deceased.

*7.* That at all times prior to June 6, 2005, the defendant ***NORTHWESTERN*** has been regularly conducting business in the State of New York and in the regular course of its business delivered and/or caused to be issued to Kenneth Wilson, Deceased, a Policy or Policies of insurance, duly executed and attested and/or issued by ***NORTHWESTERN***, its President and/or Secretary respectively, and counter-signed by its duly authorized agent in New York State, the Policies being numbered(s) 16852083 and 16852105 and in printed form as drawn and prepared by the defendant and designated therein as a policy covering generally, the death of the insured, Kenneth Wilson Deceased. **[See, Exhibits "A" and "B".]**

*8.* That in and by those Policies, the defendant, *NORTHWESTERN* in consideration of the stipulations in the Policies named and premiums duly paid by the named insured Kenneth Wilson, Deceased, said Defendant did insure Kenneth Wilson, Deceased from a time prior to June 6, 2005, up to and including June 29, 2005, in a combined amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS in the event of his death.

*9.* That on or about June 6, 2005, while within the period of coverage provided for in the Policies Kenneth Wilson died. **[See, Exhibit "C".]**

*10.* That at all times prior to June 6, 2005, Kenneth Wilson, Deceased named his wife, the plaintiff *MICHELLE WILSON* as the sole intended beneficiary of the aforesaid Policies.

*11.* That upon information and belief, the Policies expressed and contained the following general stipulations and conditions designated as duties upon loss:

In the event of loss the named beneficiary shall:

give notice thereof as soon as practicable to the company or any of its authorized agents.

*12.* That as soon as practicable, in or about June 2005, plaintiff duly notified the defendants of the death of Kenneth Wilson.

*13.* That thereafter, as soon as practicable, the plaintiff filed with the defendant *NORTHWESTERN* as sole beneficiary her claims for payment of the Policies in the

form as required by this defendant *NORTHWESTERN* and that plaintiff has otherwise complied with all the terms and conditions of the Policies on her part to be performed.

*14.* That on or about July 21, 2006, in writing the defendant *NORTHWESTERN,* without cause, reason or legal justification, untimely notified the plaintiff, through its agent of its refusal to pay the claims. **[See, Exhibit "D".]**

*15.* That as a result of the foregoing breach of contract, plaintiff *MICHELLE WILSON* has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, excluding interest and cost of this action.

## *COUNT II*

*16.* Plaintiff, *MICHELLE WILSON*, repeats, reiterates and realleges each and every allegation contained in paragraphs marked *"1"* through *"15"* inclusive, with the same force and effect as though they were more fully set forth herein at length.

*17.* That at all times hereinafter mentioned, on or about May 23, 2005, Defendant *NORTHWESTERN* manually backdated the aforesaid Policies termination dates to February 28, 2005, wherein *NORTHWESTERN* by its disclaimer letter dated July 26, 2005, falsely claims that said backdating accelerated the grace period for coverage provided under said Polices to on or about March 31, 2005.

*18.* That on or about May 23, 2005, defendant *NORTHWESTERN* issued a letter to Kenneth Wilson, Deceased advising him that the grace period of coverage for said life insurance policies did not expire and existed up to and including June 29,

2005. **[See, Exhibit "E".]**

*19.*     That at all times hereinafter mentioned, *NORTHWESTERN* knew or should have known that Kenneth Wilson, Deceased was entitled to, or otherwise would rely and did rely on said statements as contained in their May 23, 2005 letter advising him that he was insured until at least June 29, 2005. **[See, Exhibit "E".]**

*20.*     That at all times hereinafter mentioned, at no time prior to June 6, 2005, did *NORTHWESTERN* or any of its agents, servants and/or employees withdraw said letter of May 23, 2005, or otherwise issue a written retraction of said letter, or otherwise advise Kenneth Wilson, Deceased in writing that said grace period was less than or different from the stated expiration date of June 29, 2005.

*21.*     That at all times hereinafter mentioned, based on the words contained in their letter of May 23, 2005, and both their affirmative and negative conduct in and of the defendant *NORTHWESTERN, NORTHWESTERN* is as a matter of law equitably estopped, or otherwise absolutely precluded from denying, or asserting the contrary to the material terms of its letter of May 23, 2005.

*22.*     That at all times hereinafter mentioned, said letter as directed to Kevin Wilson, Deceased was misleading and otherwise deceptive and as such in denying or otherwise failing to make payment of said claims defendant *NORTHWESTERN* has caused actual harm to the intended beneficiary *MICHELLE WILSON* and by its agents, servants and/or employees have violated General Business Law §349(h).

*23.*    That at all times hereinafter mentioned, said letter as directed to Kevin Wilson, Deceased was misleading and otherwise deceptive and as such in denying or otherwise failing to make payment of said claims defendant *NORTHWESTERN* has caused actual harm to the intended beneficiary *MICHELLE WILSON* and by its agents, servants and/or employees have violated General Business Law §4226.

*24.*    That at all times hereinafter mentioned, Defendant *NORTHWESTERN* knew or was otherwise actually aware of the consequences of the backdating the Policies and failed to advise or failed to properly advise Kenneth Wilson, Deceased that said Policies would expire prior to June 29, 2005.

*25.*    That the foregoing conduct was reckless, careless or otherwise negligent.

*26.*    That as a result of the foregoing, defendant *NORTHWESTERN* is liable for the acts of negligence, carelessness, and/or recklessness in issuing said letter of May 23, 2005, and in failing to withdraw or otherwise rescind said letters prior to June 6, 2005.

*27.*    That as a result of the foregoing, plaintiff *MICHELLE WILSON* has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, excluding interest and cost of this action.

### *COUNT III*

*28.*    Plaintiff, *MICHELLE WILSON* repeats, reiterates and realleges each and every allegation contained in paragraphs marked *"1"* through *"27"* inclusive, with the

same force and effect as though they were more fully set forth herein at length.

*29.*    That at all times hereinafter mentioned, by reason of the foregoing, defendant ***NORTHWESTERN's*** act of backdating the Policies termination dates is void-voidable as against public policy, and under the circumstances a violation of New York States General Obligation Law §15-301 as well as New York State Insurance Law requiring advance written notice of cancellation of a life insurance policy, wherein denial of the claim and/or refusal to make payment on the Policies was/is an act of fraud and has caused damages to the intended beneficiary ***MICHELLE WILSON***.

*30.*    That as a result of the foregoing, plaintiff ***MICHELLE WILSON*** has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, excluding interest and cost of this action.

### *COUNT IV*

*31.*    Plaintiff, ***MICHELLE WILSON*** repeats, reiterates and realleges each and every allegation contained in paragraphs marked *"1"* through *"30"* inclusive, with the same force and effect as though they were more fully set forth herein at length.

*32.*    That at all times hereinafter mentioned, by reason of the foregoing, defendant ***NORTHWESTERN's*** act of backdating the Policies termination dates is void-voidable as against public policy, and under the circumstances a violation of New York States General Obligation Law §15-301 as well as New York State Insurance Law requiring advance written notice of cancellation of a life insurance policy, wherein

denial of the claim and/or refusal to make payment on the Policies was/is an act of constructive fraud and has caused damages to the intended beneficiary *MICHELLE WILSON*.

33.    That as a result of the foregoing, plaintiff *MICHELLE WILSON* has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, excluding interest and cost of this action.

### COUNT V

34.    Plaintiff, *MICHELLE WILSON* repeats, reiterates and realleges each and every allegation contained in paragraphs marked *"1"* through *"33"* inclusive, with the same force and effect as though they were more fully set forth herein at length.

35.    That as a result of the foregoing, defendant *NORTHWESTERN* is liable for the acts of negligence, carelessness, and/or recklessness in issuing said letter of May 23, 2005, and in failing to take action or otherwise withdraw and/or rescind said letters prior to June 6, 2005, and as such the Court should declare that *NORTHWESTERN* has been unjustly enriched, and that the Polices issued by *NORTHWESTERN* are subject to the imposition of a constructive trust over each of the subject policies. **[See, Exhibit "A" and "B".]**

36.    That as a result of the foregoing, plaintiff *MICHELLE WILSON* should be declared the beneficiary of a constructive trust in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, excluding interest and cost of this action.

## *COUNT VI*

37.    Plaintiff, *MICHELLE WILSON*, repeats, reiterates and realleges each and every allegation contained in paragraphs marked *"1"* through *"36"* inclusive, with the same force and effect as though they were more fully set forth herein at length.

38.    That as a result of the foregoing, plaintiff *MICHELLE WILSON* has been unduly placed in a litigation posture for which she has and will incur legal expenses.

39.    That by reason of the violation(s) of New York States General Obligation Law §15-301; New York States General Business Law §349; as well as New York States Insurance Law §4226 Plaintiff is entitled to payment-reimbursement of legal fees.

## *COUNT VII*

40.    Plaintiff, *MICHELLE WILSON*, repeats, reiterates and realleges each and every allegation contained in paragraphs marked *"1"* through *"39",* inclusive with the same force and effect as though they were more fully set forth herein at length.

41.    That at all times hereinafter mentioned, the defendant *NORTHWESTERN* receives premium payments for issuing policies to members of the public insuring individuals for the event of their death with payment of those polices to be provided to beneficiaries named in the policies by the insured.

42.    That at all times hereinafter mentioned, the Policies terms and conditions cannot be altered or otherwise modified without the written consent of the

*NORTHWESTERN* and/or Policy holders.

*43.*     That upon information and belief, the defendant *NORTHWESTERN* has engaged in the practice of insuring individuals against death for payment of premiums while allowing oral modifications to the Policies without explaining or properly explaining the consequences of those oral modifications in violation of New York States General Obligation Law §15-301.

*44.*     That upon information and belief, based on the aforesaid oral modifications *NORTHWESTERN* denies payment using the consequences of those modifications to deny the claims of the intended beneficiaries.

*45.*     That upon information and belief, in such cases the causes in support of the claims of denial in payment are in bad faith and are untrue and known to be untrue when made and are intended by defendant *NORTHWESTERN* to inflict emotional pain, economic hardship and/or duress on the named beneficiaries so as to cause the beneficiaries to be forced to incur legal expenses or otherwise settle their claims at an amount below the claimed value and/or the actual value so insured for, or so as to cause the named beneficiaries to abandon their claims while keeping the premiums paid by the Policy holders and as such have been unjustly enriched.

*46.*     That defendants *NORTHWESTERN* are aware that the causes in support of the claims of denial of coverage and concerning Kenneth Wilson are in bad faith, untrue, speculative or otherwise acts of their own wrongdoing and have caused and

continue to cause the named beneficiaries the economic and emotional harm as intended.

*47.*    That under the circumstances the practice is misleading and violate New York State General Business Law § 349.

*48.*    That under the circumstances the practice is misleading and violate New York State  Insurance Law §4226.

*49.*    That the conduct is grossly negligent, recklessness, malicious, and was/is activated by evil or reprehensible motives, as is required to support an award of punitive damages.

*50.*    That as a result of the forgoing, plaintiff is entitled to damages to be determined by a jury of this court, but in any event not less than the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

*WHEREFORE*:  Plaintiff demands judgment against the defendant herein FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS with interest from June 6, 2005, on *"COUNT I";  "COUNT II"; "COUNT III"; "COUNT IV"; "COUNT V"; "COUNT VI";  "COUNT VI"; "COUNT VII"*; together with counsel fees with the costs and disbursements of this action.

Dated: Newburgh, New York
     May 23, 2007
              Yours, etc.,_____

                  DOUGLAS R. DOLLINGER, ESQ.
                  Attorney for Plaintiff(s)
                  P.O. Box 1111

96 Broadway
City of Newburgh
Newburgh, New York 12550
Tele. (845) 562-9601

**Rivkin Radler LLP**
926 Reckson Plaza
Uniondale, New York 11556-0926

## **ATTORNEY VERIFICATION**

State of New York )
                   ) SS.:
County of Orange )

      DOUGLAS R. DOLLINGER, ESQ., being duly sworn, deposes and says, that deponent is the attorney admitted to practice in the courts of New York State and the attorney of record for the plaintiffs in the within action; that deponent has read the foregoing PLAINITFF'S FIRST AMENDED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true. Your deponent further states that the reason your deponent makes the within verification and not the plaintiff(s) is that the plaintiff(s) resides in the county other than the county where your deponent maintains his offices.

      The grounds for your deponent's beliefs as to matters not stated upon your deponent's own knowledge are as follows: statements of the plaintiff(s) and deponents own general investigation into the facts and circumstances of this action.

Affirmed: Newburgh, New York
        May 23, 2007

                                    DOUGLAS R. DOLLINGER, ESQ.

Plaintiff's Amended Complaint Case No.: 07CV2790-(CLB)

**Exhibit A**

# REPLICA

**It is recommended that you ...**

read your policy.

notify your Northwestern Mutual agent or the Company at 720 E. Wisconsin Avenue, Milwaukee, Wis. 53202, of an address change.

call your Northwestern Mutual agent for information -- particularly on a suggestion to terminate or exchange this policy for another policy or plan.

## Election Of Trustees

The members of The Northwestern Mutual Life Insurance Company are its policyholders of insurance policies and deferred annuity contracts. The members exercise control through a Board of Trustees. Elections to the Board are held each year at the annual meeting of members. Members are entitled to vote in person or by proxy.

## WHOLE LIFE POLICY
## WITH ADJUSTABLE TERM PROTECTION

**Eligible For Annual Dividends.**

Basic Amount plus Adjustable Term Protection payable on death of Insured. Premiums payable for period shown on page 3.

NN 3



# REPLICA

The Northwestern Mutual Life Insurance Company agrees to pay the benefits provided in this policy, subject to its terms and conditions. Signed at Milwaukee, Wisconsin on the Date of Issue.

President and CEO                    Secretary

### WHOLE LIFE POLICY
### WITH ADJUSTABLE TERM PROTECTION

**Eligible For Annual Dividends.**

Basic Amount plus Adjustable Term Protection payable on death of Insured. Premiums payable for period shown on page 3.

**Right To Return Policy** ~ Please read this policy carefully. The policy may be returned by the Owner for any reason within ten days after it was received. The policy may be returned to your agent or to the Home Office of the Company at 720 East Wisconsin Avenue, Milwaukee, WI 53202. If returned, the policy will be considered void from the beginning. Any premium paid will be refunded.

NN 3



Northwestern Mutual

| INSURED | KENNETH WILSON |
|---|---|
| POLICY DATE | MAY 29, 2004 |
| PLAN | WHOLE LIFE - ADJUSTABLE |

NN.3.(0197)

| AGE AND SEX | 35   MALE |
|---|---|
| POLICY NUMBER | 16 852 083 |

| BASIC AMOUNT | $ | 150,000 |
|---|---|---|
| ADJUSTABLE TERM | | 0 |
| TOTAL INSURANCE AMOUNT | | 150,000 |

This policy is a legal contract  tween the Owner and The Northwester.  lutual Life Insurance Company.
Read your policy carefully.

# GUIDE TO POLICY PROVISIONS

**BENEFITS AND PREMIUMS**

### SECTION 1. THE CONTRACT

Life Insurance Benefit payable on death of Insured. Incontestability.
Suicide. Definition of dates.

### SECTION 2. OWNERSHIP

Rights of the Owner. Assignment as collateral.

### SECTION 3. ADJUSTABLE TERM PROTECTION

Description of Adjustable Term Protection. Inflation Protection Option.
Scheduled and unscheduled increases. Reduction.

### SECTION 4. PREMIUMS AND REINSTATEMENT

Payment of premiums. Grace period of 31 days to pay premium. Amount of premium and premium
adjustments. Unscheduled additional premium payments. How to reinstate the policy.

### SECTION 5. DIVIDENDS

Annual dividends. Use of dividends. Dividend at death.

### SECTION 6. PAID-UP ADDITIONS

Purchase of additions. Addition to reduce term insurance.
Addition to increase paid-up insurance. Allocation of additional premiums and dividends.

### SECTION 7. CASH VALUES, EXTENDED TERM INSURANCE AND PAID-UP INSURANCE

Cash surrender value. What happens if premium is not paid. Basis of values.

### SECTION 8. LOANS

Policy loans. Premium loans. Effect of policy debt. Interest on loans.

### SECTION 9. CHANGE OF POLICY

### SECTION 10. BENEFICIARIES

Naming and change of beneficiaries. Marital deduction provision for spouse of Insured.
Succession in interest of beneficiaries.

### SECTION 11. PAYMENT OF POLICY BENEFITS

Payment of surrender or death proceeds. Payment plans for policy proceeds.
Right to increase income under payment plans. Guaranteed payment tables.

**ADDITIONAL BENEFITS** (if any)

**APPLICATION**

NN 3

BENEFITS AND PREMIUMS

DATE OF ISSUE - MAY 29, 2004

| PLAN AND ADDITIONAL BENEFITS | AMOUNT | SCHEDULED ANNUAL PREMIUM | PAYABLE FOR |
|---|---|---|---|
| WHOLE LIFE - ADJUSTABLE | | $    2,284.50 | 55 YEARS |
| BASIC AMOUNT | $    150,000 | | |
| ADJUSTABLE TERM PROTECTION | O | | |
| TOTAL INSURANCE AMOUNT | 150,000 | | |
| WAIVER OF PREMIUM | | 59.40 | 30 YEARS |

A PREMIUM IS PAYABLE ON MAY 29, 2004 AND EVERY MAY 29 AFTER THAT.

THE FIRST PREMIUM IS $2,343.90.

THE MINIMUM ANNUAL PREMIUM IS $2,284.50.  SEE SECTION 4.2.

WHILE THE WAIVER OF PREMIUM BENEFIT IS IN FORCE, THE PREMIUM FOR THIS
BENEFIT WILL BE AN AMOUNT EQUAL TO  2.60% OF EACH SCHEDULED PREMIUM PAID.
IF A SERIES OF INCREASES OF ADJUSTABLE TERM PROTECTION OR ADDITIONAL
PREMIUM IS STARTED AFTER THIS POLICY IS ISSUED, THE PERCENTAGE WILL INCREASE.

THE MAXIMUM CHARGE FOR EXPENSES THAT MAY BE DEDUCTED FROM EACH ADDITIONAL
PREMIUM USED TO PURCHASE A PAID-UP ADDITION UNDER SECTION 6.1 IS 8%.

THE OWNER MAY ELECT THE SPECIFIED RATE OR THE VARIABLE RATE LOAN INTEREST
OPTION.  SEE SECTIONS 8.4 THROUGH 8.6 OF THE POLICY.  THE SPECIFIED RATE
LOAN INTEREST OPTION WAS SELECTED ON THE APPLICATION.

THIS POLICY IS ISSUED IN A SELECT (NON-TOBACCO USE) PREMIUM CLASS.

DIVIDENDS ARE NOT GUARANTEED.  THE COMPANY MAY CHANGE THE AMOUNT OF DIVIDEND
CREDITED TO THIS POLICY RESULTING IN LOWER DIVIDEND CASH VALUES THAN
ILLUSTRATED, OR, IF APPLICABLE, MORE PREMIUMS PAID IN CASH THAN ILLUSTRATED.

GUARANTEED VALUES ARE BASED ON AN ANNUAL EFFECTIVE INTEREST RATE OF 4%.

DIRECT BENEFICIARY  MICHELLE A  WILSON, SPOUSE OF THE INSURED

OWNER                     KENNETH  WILSON, THE INSURED

| INSURED | KENNETH  WILSON | AGE AND SEX | 35  MALE |
|---|---|---|---|
| POLICY DATE | MAY 29, 2004 | POLICY NUMBER | 16 852 083 |
| PLAN | WHOLE LIFE - ADJUSTABLE | BASIC AMOUNT | $    150,000 |
| | | ADJUSTABLE TERM | O |
| | | TOTAL INSURANCE AMOUNT | 150,000 |

IN. 3. (0197).NY                    PAGE 3                              110

## TABLE OF GUARANTEED VALUES
### FOR $  150,000 BASIC AMOUNT

| END OF POLICY YEAR | MAY 29, | CASH VALUE | PAID-UP INSURANCE |
|---|---|---|---|
| 1  | 2005 | $        0 | $       0 |
| 2  | 2006 | 1,771 | 6,587 |
| 3  | 2007 | 3,594 | 12,932 |
| 4  | 2008 | 5,467 | 19,042 |
| 5  | 2009 | 7,390 | 24,918 |
| 6  | 2010 | 9,361 | 30,563 |
| 7  | 2011 | 11,380 | 35,988 |
| 8  | 2012 | 13,447 | 41,198 |
| 9  | 2013 | 15,562 | 46,202 |
| 10 | 2014 | 17,727 | 51,015 |
| 11 | 2015 | 19,938 | 55,635 |
| 12 | 2016 | 22,200 | 60,079 |
| 13 | 2017 | 24,513 | 64,357 |
| 14 | 2018 | 26,875 | 68,469 |
| 15 | 2019 | 29,289 | 72,425 |
| 16 | 2020 | 31,753 | 76,233 |
| 17 | 2021 | 34,261 | 79,885 |
| 18 | 2022 | 36,813 | 83,394 |
| 19 | 2023 | 39,399 | 86,751 |
| 20 | 2024 | 42,016 | 89,963 |
| AGE 60 | 2029 | 55,560 | 104,115 |
| AGE 65 | 2034 | 69,679 | 115,552 |
| AGE 70 | 2039 | 83,767 | 124,642 |

VALUES ARE INCREASED BY PAID-UP ADDITIONS, DIVIDEND ACCUMULATIONS, AND
ADDITIONAL PREMIUMS.  VALUES ARE DECREASED BY POLICY DEBT AND SURRENDERS
OF PAID-UP ADDITIONS.  VALUES SHOWN AT END OF POLICY YEAR DO NOT REFLECT
ANY PREMIUM DUE ON THAT POLICY ANNIVERSARY.

| | | | |
|---|---|---|---|
| INSURED | KENNETH  WILSON | AGE AND SEX | 35   MALE |
| POLICY DATE | MAY 29, 2004 | POLICY NUMBER | 16 852 083 |
| PLAN | WHOLE LIFE - ADJUSTABLE | BASIC AMOUNT | $   150,000 |
| | | ADJUSTABLE TERM | 0 |
| | | TOTAL INSURANCE AMOUNT | 150,000 |

IN.3.(0197)                         PAGE 4