UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE WILSON,

Plaintiff(s),

vs.

NORTHWESTERN MUTUAL INSURANCE
COMPANY,

Defendant(s).

Case No.: 07CV2790 (CLB)
HON. CHARLES L BRIEANT

*  *  *  *

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION FOR AN ENLARGEMENT OF TIME
TO FILE HER LOCAL RULE 56.1 STATEMENT**

*Respectfully Submitted:*

*Douglas R. Dollinger*
*Attorney for Plaintiff*
*40 Matthews Street-Suite 101*
*Village of Goshen*
*Goshen, New York 10924*
*Tele. 845.294.2771*
*Fax. 845.294.2772*

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

**Preliminary Statement**

Plaintiff's Counsel submits this Memorandum of Law in support of the Motion pursuant to Rule 6 (b) for an order enlarging the time to file a statement of undisputed fact which conformed to Local Rule 56.1.

**POINT I**

**PLAINTIFF FILED A STATEMENT OF UNDISPUTED FACTS WHICH SUBSTANTIALLY CONFORMED TO THE CONTENT REQUIRED UNDER LOCAL RULE 56.1 AND THE FAILURE TO FOLLOW FORM MAY BE EXCUSED IN THE COURT'S DISCRETION**

Local Rule 56.1 dictates that a motion for summary judgment must be accompanied by "a separate, short and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1 (a).

The moving party's failure to include such a statement "may constitute grounds for denial of the motion" Id.; see Stone v. 866 3rd Next Generation Hotel, L.L.C., No. 00 Civ. 9005, 2002 WL 482558, at *1 n. 2 (S.D.N.Y. Mar. 29, 2002) (denying summary judgment motion for failure to comply with Local Rule 56.1 ); Frank v. Plaza Constr. Corp., 186 F. Supp.2d 420, 432 (S.D.N.Y. 2002) (same); Misla v. CVS Pharmacy, Inc., No. 99 Civ. 9989, 2001 WL 637384, *2 (S.D.N.Y. June 8, 2001); Rossi v. New York City Police Dep't, No. 94 Civ. 5113, 1998 WL 65999, *4 (S.D.N.Y. Feb. 17, 1998) (Keenan, J.); see also Holtz v. Rockefeller & Co., Inc., 258 F.2d 62, 73 (2d Cir. 2001).

*Law Office of Douglas R. Dollinger & Associates*
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Likewise, opponents of a summary judgment motion are required to submit a similar statement consisting of material facts that are in dispute. [See, Local Civil Rule 56.1(b).] And, the failure to include the Rule 56.1 Statement may constitute grounds for receiving an unanswered statement of facts as admissions. See Gubitosi v. Kapica, 154 F.3d 30, 31 n. 1 (2d Cir. 1998) (stating that because of non-movant's failure to file a counter Rule 56.1 material facts in movant's Rule 56.1 statement are deemed admitted); Maresco v. Evans Chemetics Div., 964 F.2d 106, 111 (2d Cir. 1992)

However, the Second Circuit, made it clear in Giannullo v. City of New York, 322 F.3d 139, 140-43 (2d Cir. 2003), that a district court must ensure that there is support in the record for unopposed Rule 56.1 statements before accepting them as true. "[U]nsupported assertions must . . . be disregarded and the record independently reviewed." See, Giannullo, supra.    And the court must still construe these facts in the light most favorable to the non-movant. See Gadsden v. Jones Lang LaSalle Americas, Inc., 210 F. Supp.2d 430, 442 (S.D.N.Y. 2002).

In light of these principles, as the Court can see, the statements at paragraph 11 of the Rule 56.1 Statement concerning a requested refund are vague at best. And, even if accepted as true the question remains as to what portion of the premium refund Mr. Wilson was requesting. [See Plaintiff's Reply Mem. Point III and Opp. Mem. Point I.]

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Notwithstanding the foregoing, Plaintiff claims to have filed the core factual support and opposition statements, such that this Court has broad discretion to determine whether to overlook the failure to comply with the letter of the local rules." See Stone v. 866 3rd Next Generation Hotel. L.L.C., supra: see also Holtz v. Rockefeler & Co., Inc., supra; AIM Int'l Trading. L.L.C. v. Valcucine S.P.A., supra).

Under the circumstances of the facts herein this Court may in its discretion grant the relief requested and allow Plaintiff's Counsel to re-file the factual recitals and citations already provided in the Opposition and Reply Memorandums in proper form because, for the most part, Plaintiff Counsel complied with the Rule, that is, in each instance statements of material facts were provided and were followed by citation to evidence which was admissible or excludable under the law. [See, **Rule 56.1(d).**]

Essentially, the undersigned misread-misunderstood the Local Rule 56.1, it is not that he did not comply with the Rule and abandoned the facts to Defendant's interpretation, only that he failed to separate the factual statements for the memorandum and otherwise individually number the statements. Again, the factual recitals conformed with the Local Rule in all other respects wherein identification to the factual assertions was supported by direct reference to Plaintiff's Exhibits "1"- "12". And, although argued as to the form, Defense Counsel has failed to point to any prejudice suffered as a result of this error in form.

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

## CONCLUSION

Because Plaintiff substantially conformed to Rule 56.1 the Court may in its discretion issue an Order authorizing the filing of Plaintiff's conformed and Proposed Rule 56.1 Statement, together with such other and further relief as the Court may deem just and proper.

Dated:    Goshen, New York 12550
          March 14, 2008

By:

DOUGLAS R. DOLLINGER, ESQ. (5922)
Attorney for Plaintiff(s)
40 Matthews Street
Village of Goshen
Goshen, New York 10924
Tele.    845.294.2771
Fasc.    845.294.2772

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

**PROOF OF SERVICE**

STATE OF NEW YORK )
COUNTY OF ORANGE)

I, EDWARD McCARTHY maintain my offices in the City of Goshen, County of Orange, State of New York. I am over the age of 18 and not a party to these proceedings. My business address is 40 Matthews Street, Village of Goshen, Goshen, New York 10924.

On March 14, 2008, I served the annexed documents: Motion for Enlargement of Page Limitation on Memorandums and Motion to Allow Substitution of Pleadings to Conform to Rule 56.1 Statement, Declaration of Douglas R. Dollinger, Plaintiff's Memorandum of Law in Reply of the Defendant's Opposition to Plaintiff's Motion for Summary Judgment Pursuant to Fed. Rule 56 on all interested parties at the addresses that follow:

**\*\*\* PLEASE SEE ATTACHED SERVICE LIST \*\*\***

___ **VIA OVERNIGHT MAIL:**

By delivering such documents to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express courier addressed to the person(s) on whom it is to be served.

_X_ **VIA U.S. MAIL:**

By depositing a sealed envelope containing the above-cited document with the U.S. Postal Service on _____ with postage thereon fully paid at the local post office in Goshen, New York.

___ **VIA PERSONAL DELIVERY:**

By personally delivering such sealed envelope by hand to the offices of the addressee pursuant to the applicable law

___ **VIA FACSIMILE:**

By facsimile transmission where a report was generated indicating that the transmission was completed to the number indicated on the report without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true ad correct and I declare that I did so at the direction of the member of the bar of this Court at whose direction the service was made.

Executed this 14th day of March 2008, Village of Goshen, County of Orange, State of York.

EDWARD McCARTHY

## SERVICE LIST

### WILSON V. NORTHWESTERN Case No.: 07cv2790-(CLB)

RIVKIN RADLER LLP
Attorneys for Defendant
Attn: Norman L. Tolle, Esq., of Counsel
926 Reckson Plaza
Uniondale, New York 11556-0926
Tele: 516.357.3000
Fasc: 516.357.3333

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772