UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE WILSON, <br><br> Plaintiff(s), <br><br> vs. <br><br><br> NORTHWESTERN MUTUAL INSURANCE COMPANY, <br><br> Defendant(s). | Case No.: 07CV2790 (CLB) <br> HON. CHARLES L. BRIEANT <br><br> **PLAINTIFF'S** <br> **RULE 56.1 STATEMENT** |

STATE OF NEW YORK)
                 )SS.:
COUNTY OF ORANGE)

    Plaintiff, MICHELL WILSON ("**M. WILSON**") by her attorney DOUGLAS R. DOLLINGER submits this Declaration and statement of uncontestable facts and documentary proof under penalty of perjury pursuant to Local Rule 56.1, based on a review of the records available in this matter including Plaintiff's documents Volumes 1 and 2 containing Exhibit 1-12, and upon an investigation into the facts of this case as provided to me by the Plaintiff, **M. WILSON** as well as upon the various discovery responses had between this office and defense counsel for NORTHWESTERN MUTUAL INSURANCE COMPANY (**"NORTHWESTERN"**).

    1.    Kenneth Wilson was 36 years old at the time of his death. He left surviving his wife, Plaintiff **M. WILSON**, and two infant children, Jared-9 years old and Evan-6 years old. [See, Wilson Rule 26 Response at 56.]

2. Prior to his death of June 6, 2005, on or about May 22, 2004, Mr. Wilson purchased two (2) life insurance policies from **NORTHWESTERN**, ACL Whole Life Policy No. 16852083 (hereafter the "Whole Life Policy"), providing life insurance coverage in the amount of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS; and Term Insurance Policy No. 16852105 ("hereafter the Term Policy"), providing life insurance coverage in the amount of THREE HUNDRED FIFTY THOUSAND ($350,000.00) DOLLARS. [See, Exhibit, 5, *Exhibits "A" and "B" thereto.*]

3. The Policies were sold to Mr. Wilson via their **NORTHWESTERN's** Agent Daniel Stein. Mr. Stein was also Mr. Wilson's Financial Advisor as provided by **NORTHWESTERN.** **[See, Exhibit 5 ¶¶7-10 and Exhibit 11 at Page 66 lines 8-10.]**

4. Initially, payments were agreed to be made monthly, however, payment on the Policies was changed and the Company agreed to accept payments on each policy at different frequencies including either a monthly, quarterly or annual basis. **[Exhibit "6" Wilson Rule 26 Response at 59, Exhibit 8 "NML "245-246", NML "292-297".]**

5. On or about 29, April 2005 **NORTHWESTERN** received electronic wire payment from Mr. Wilson for payment on his Term Policy in the sum of $215.60. The funds were paid to his Insurance Service Account ("IAS") for the premium payments to the end of the year, December 2005. [See, Exhibits 8 "M. Wilson 130".]

6. Each Policy provided a 31 day grace period wherein if the insured died within the grace period the premium payment for that period if not already paid by the insured would be deducted for the proceeds of the policy. Kenneth Wilson died within the Policies

grace periods. [See, **Exhibit, 5,** *Exhibits "A", "B", at Sec. 3.4 thereto and Exhibits 'C" and "E" thereto.*]

7. On or about May 23, 2005 **NORTHWESTERN** mailed Mr. Wilson notice that his Term Policy was paid to May 29, 2005 and that the grace period under the Policy expired on June 29, 2005. [See, **Exhibit 5** *Exhibit "E"* - letter dated May 23, 2005, stating that Mr. Wilson's ISA Account had been closed but was paid to May 29, 2005, with a "Grace Period" **to expire on June 29, 2005.] No Notice of cancellation was received was ever sent by NORTHWESTERN** concerning Mr. Wilsons's Whole Life Policy. **[See, Exhibits 7 and 8 NML "1-307".]**

8. **NORTHWESTERN's** letter of May 23, 2005 was never rescinded by **NORTHWESTERN. [See, Exhibit's 5 ¶¶ 34-35.]**

9. **NORTHWESTERN** issued a premium refund check of $154.07 which said sum was a refund of premiums for the months of June 2005 through December 2005. No other policy refund was received prior to the demand by Plaintiff for payment of the Polices. [**Exhibit 7 "NML 154", Exhibit "8" NML "297".**]

10. This check was received by **M. WILSON** after Mr. Wilson's death. [See, **Exhibit 10 "Page 33- Line 16 continuing to Page 37 Line 16".**]

11. Demand was timely made for payment on the Polices by **M. WILSON** as the named beneficiary thereto. [**See, Exhibit 5.**]

12. **NORTHWESTERN** has refused to make payment on the Policies, claiming that the Policies lapsed with the consent of Mr. Wilson for non-payment of premiums with

a paid to date of February 28, 2005. **[See, Exhibit's 5-*Exhibit "D" thereto* and Exhibit 8 "NML 99-100".]**

Affirmed:   Goshen, New York 12550
            April 11, 2008

                              By: _____
                              DOUGLAS R. DOLLINGER, ESQ. (5922)
                                  Attorney for Plaintiff(s)
                                    40 Matthews Street
                                     Village of Goshen
                                  Goshen, New York 10924
                                    Tele.   845.294.2771
                                    Fasc.   845.294.2772

## PROOF OF SERVICE

STATE OF NEW YORK )
COUNTY OF ORANGE)

I, EDWARD McCARTHY maintain my offices in the City of Goshen, County of Orange, State of New York. I am over the age of 18 and not a party to these proceedings. My business address is 40 Matthews Street, Village of Goshen, Goshen, New York 10924.

On April 11, 2008, I served the annexed documents: Fed. Rule 56.1 Statement and Fed Rule 56.1 Reply on all interested parties at the addresses that follow:

*** PLEASE SEE ATTACHED SERVICE LIST***

___ VIA OVERNIGHT MAIL:

By delivering such documents to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express courier addressed to the person(s) on whom it is to be served.

_X_ VIA U.S. MAIL:

By depositing a sealed envelope containing the above-cited document with the U.S. Postal Service on _____ with postage thereon fully paid at the local post office in Goshen, New York.

___ VIA PERSONAL DELIVERY:

By personally delivering such sealed envelope by hand to the offices of the addressee pursuant to the applicable law

___ VIA FACSIMILE:

By facsimile transmission where a report was generated indicating that the transmission was completed to the number indicated on the report without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true ad correct and I declare that I did so at the direction of the member of the bar of this Court at whose direction the service was made.

Executed this 11th day of April 2008, Village of Goshen, County of Orange, State of York.

_____
EDWARD McCARTHY

## SERVICE LIST

### WILSON V. NORTHWESTERN Case No.: 07cv2790-(CLB)

RIVKIN RADLER LLP
Attorneys for Defendant
Attn: Norman L. Tolle, Esq., of Counsel
926 Reckson Plaza
Uniondale, New York 11556-0926
Tele: 516.357.3000
Fasc: 516.357.3333