## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MICHELLE WILSON,                                )   Case No.: 07CV2790 (CLB)
                                                )   HON. CHARLES L. BRIEANT
                          Plaintiff(s),         )
          vs.                                   )   **PLAINTIFF'S REPLY**
                                                )   <u>**RULE  56.1  STATEMENT**</u>
                                                )
NORTHWESTERN MUTUAL INSURANCE                   )
COMPANY,                                        )
                          Defendant(s).         )
                                                )
_____
STATE OF NEW YORK)
                 )SS.:
COUNTY OF ORANGE )

Plaintiff, MICHELL WILSON (**"M. WILSON"**) by her attorney DOUGLAS R.

DOLLINGER submits this declaration and statement pursuant to Local Rule 56.1., in

reply-answer to the claims of uncontestable facts and documentary proof of the Defendant

**NORTHWESTERN** under penalty of perjury pursuant to Local Rule 56.1.

1.      Admits-statement No. "1".

2.      Admits-statement No. "2".

3.      Admits-statement No. "3".

4.      Admits- statement No. "4".

5.      Denies- statement No. "5".

The Affidavit of Price tendered in support of the claim is insufficient as a

matter of law to confer status for the records offered to qualify as business records as

required by Rule 806.  No information concerning the custodian of the Casetraker system

and its' trustworthiness been offered in support of the claims.

6.    Admits- denies statement No. "6".

The Affidavit of Getschman tendered in support of the claim "that Mr. Wilson called Northwestern Mutual and asked to have the ISA reopened with only the Term Policy to be added…" is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered in support of the claims.

7.    Denies- statement No. "7".

The Affidavit of Price tendered in support of the claim "as per Mr. Wilson's instructions only the Term Policy was added to the ISA" is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

8.    Denies- statement No. "8".

No Notice of Cancelation was ever sent to Mr. Wilson advising him of the cancelation and removal of his Whole Life Policy as required under New York State Insurance Law. [**Exhibit 8 NML 1-307.**] The Affidavit of Price tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

9.    Denies- statement No. "9".

On or about 29, April 2005 **NORTHWESTERN** received electronic wire payment from Mr. Wilson for payment on his Term Policy in the sum of $215.60. The funds were paid to his Insurance Service Account ("IAS") for the premium payments to the end of the year, December 2005. There was no notice of any shortage sent TO Mr. Wilson until after May 23, 2005. **[See, Exhibits 8 "M. Wilson 130" and NML"262".]** The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806 and violates New York's CPLR §4519. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

10.    Denies-statement No. "10".

The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806 and violates New York's CPLR §4519. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

11.    Denies-statement No. "11".

Plaintiff denies Defendant's claim that after advising Mr. Wilson of the additional $35.00 "Mr. Wilson then asked that the premiums he had paid for the Term Life Policy be refunded" or that Mr. Wilson told "Northwestern Mutual [to] allow the policy to lapse. Likewise, no record exists, nor has there been any testimony which exists and states that it was "Mr. Wilson **[who]** asked for payment refund to his last **"draft". [See, Exhibit 5-** *Exhibit "D" thereto***, and see Exhibit 8 "NML 99-100".] [See, Exhibit 8 "NML 227 Pages 1 of 7".]** At best, and even this fact is disputed, the records of **NORTHWESTERN**

indicate that Mr. Wilson stated that he wanted a refund of the payments for June through December 2005, the remaing payments in his ISA. **[Exhibit 8 Wilson "NML 154", 227 Pages 1 of 7" and NML "292"-"297".]** The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806 and violates New York's CPLR §4519. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

12.    Denies-statement No. "12".

The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806 and violates New York's CPLR §4519. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

13.    Denies-statement No. "13".

Daniel Stein did not recall the alleged conversation and was uncertain if he knew Ms. Knueppel. **[Exhibit 7 NML 115, Exhibit 11 page 68 line 14.]** The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

14.    Denies-statement No. "14".

The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as

required by Rule 806 and violates New York's CPLR §4519.  No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

15.    Denies-statement No. "15".

The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806.  No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

16.    Admits-denies-statement No. "16".

On a date which is unknown, **NORTHWESTERN** issued a premium refund check of $154.07 which said sum was a refund of premiums for the months of June 2005 through December 2005. **[Exhibit 8 Wilson "NML 154", 227 Pages 1 of 7" and NML "292"-"297".]**  The Affidavit of Price tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806.  No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

17.    Denies-statement No. "17".

The Affidavit of Barrack tendered in support of the claim is insufficient as a matter of law The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law to confer status for the records offered to qualify as business records as required by Rule 806.  No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

18.    Denies-statement No. "18".

Plaintiff denies **NORTHWESTERN's** claim to have issued a check in the sum of $81.03 on May 31, 2005. This check was not delivered prior to Mr. Wilson's death, nor was it ever received by **M. Wilson.** In fact, this check has never been cashed. **See, Exhibit 10 "Page 33- Line 16 continuing to Page 37 Line 16".]** The Affidavit of Knueppel tendered in support of the claim is insufficient as a matter of law pursuant to Rule 806. No information concerning the custodian of the Casetraker system and its' trustworthiness has been offered.

19.     Admits-statement No. "19".

20.     Admits-statement No. "20".

21.     Admits statement No. "21".

Affirmed:     Goshen, New York 12550
              April 7, 2008

By:

_____
DOUGLAS R. DOLLINGER, ESQ. (5922)
Attorney for Plaintiff(s)
40 Matthews Street
Village of Goshen
Goshen, New York 10924
Tele.   845.294.2771
Fasc.   845.294.2772

## PROOF OF SERVICE

STATE OF NEW YORK )
COUNTY OF ORANGE)

I, EDWARD McCARTHY maintain my offices in the City of Goshen, County of Orange, State of New York. I am over the age of 18 and not a party to these proceedings. My business address is 40 Matthews Street, Village of Goshen, Goshen, New York 10924.

On April 11, 2008, I served the annexed documents: Fed. Rule 56.1 Statement and Fed Rule 56.1 Reply on all interested parties at the addresses that follow:

### *** PLEASE SEE ATTACHED SERVICE LIST***

____ **VIA OVERNIGHT MAIL:**

By delivering such documents to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express courier addressed to the person(s) on whom it is to be served.

__X_ **VIA U.S. MAIL:**

By depositing a sealed envelope containing the above-cited document with the U.S. Postal Service on _____ with postage thereon fully paid at the local post office in Goshen, New York.

____ **VIA PERSONAL DELIVERY:**

By personally delivering such sealed envelope by hand to the offices of the addressee pursuant to the applicable law

____ **VIA FACSIMILE:**

By facsimile transmission where a report was generated indicating that the transmission was completed to the number indicated on the report without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true ad correct and I declare that I did so at the direction of the member of the bar of this Court at whose direction the service was made.

Executed this 11th day of April 2008, Village of Goshen, County of Orange, State of York.

EDWARD McCARTHY

## SERVICE LIST

### WILSON V. NORTHWESTERN Case No.: 07cv2790-(CLB)

RIVKIN RADLER LLP
Attorneys for Defendant
Attn: Norman L. Tolle, Esq., of Counsel
926 Reckson Plaza
Uniondale, New York 11556-0926
Tele: 516.357.3000
Fasc: 516.357.3333