UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

MICHELLE WILSON                                    Civil Action No. 07 CV 2790 (CLB)

                          Plaintiff,               **DEFENDANT'S RESPONSE
                                                   TO PLAINTIFF'S RULE 56.1
                -against-                           STATEMENT**

NORTHWESTERN MUTUAL INSURANCE
COMPANY,

                          Defendant.
---------------------------------------------------------------------X

        Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern

Mutual") submits the following response to Plaintiff's Rule 56.1 Statement dated April

11, 2008:

        1.      Northwestern Mutual admits that Kenneth Wilson was 36 years old on

June 6, 2005, and that he was married to Plaintiff at the time of his death.  Northwestern

Mutual cannot either admit or deny the names or ages of Kenneth Wilson's children as it

has no knowledge of same.

        2.      Northwestern Mutual admits that it issued Policy No. 16852083 with a

face amount of $150,000 (the "Whole Life Policy") and Policy No. 16852105 with a face

amount of $350,000 (the "Term Policy") to Kenneth Wilson, both insuring the life of

Kenneth Wilson and each with a policy date of May 29, 2004 (collectively the

"Policies").

        3.      Northwestern Mutual denies the statements in this paragraph, except that it

admits that Daniel Stein solicited the applications for the Policies.  Plaintiff has provided

nothing to support her statement that Mr. Stein was Mr. Wilson's financial advisor.  The

Complaint at paragraphs 7-10 does not mention Mr. Stein at all, and the citations to Mr. Stein's deposition testimony (Exhibit 11 at page 66, lines 8-10) state only that it would have Mr. Stein's practice, had he received the Policies, to have delivered them to Mr. Wilson.

4.       Northwestern Mutual denies the statements in this paragraph.  Plaintiff cites to nothing showing that the monthly payment frequency elected by Mr. Wilson on the ISA PLUS Request form he signed on May 22, 2004  (See, Exhibit "L" to the Prince Affidavit) was ever changed.  Page 59 of Plaintiff's Rule 26 Response is merely a confirmation of an electronic funds transfer from Mr. Wilson's bank account into his Insurance Service Account; it does not represent a premium payment and indicates nothing about the frequency of his premium payments.

Exhibit 8 at NML 245-246 are premium notices for each policy.  They request a three month payment solely **because Mr. Wilson had missed two months' payments on each**.  See Prince Affidavit at ¶¶ 17-19.  Since the premiums for each policy that had been due on February 28 and on March 28 had not been paid, the April 12, 2005 Notice was of necessity for three months.  However, since it shows a due date of February 28, 2005, it is clear that this Notice does not reflect a change in billing frequency; it merely reflects Mr. Wilson's failure to timely pay his premiums.

Exhibit 8 at NML 292-297 reflects that deductions were taken from Mr. Wilson's Insurance Service Account each month to pay the premium for each policy. This exhibit therefore only serves to reinforce the fact that the premiums were always scheduled for payment on a monthly basis.  Finally, there is nothing contained in Exhibit "6",

Northwestern Mutual's Answer to Plaintiff's Complaint, that supports the statements in

Paragraph 4 of plaintiff's Rule 56.1 Statement.

5.      Northwestern Mutual admits the statements in this paragraph only to the

extent that Exhibit 8, M. Wilson 130, reflects an electronic wire transfer in the sum of

$215.60 from Mr. Wilson's bank account into his Insurance Service Account.

6.      Northwestern Mutual denies the statements in this paragraph.  Kenneth

Wilson did not die within the Policies' grace periods.  All premiums for the Policies

which had been paid for the period from March 1 through December 31, 2005 had been

refunded to Mr. Wilson, as he requested, prior to his death.  Accordingly, the 31-day

grace period provided for in each policy ended on March 31, 2005.  Mr. Wilson died over

two months after the respective grace periods had ended.

7.      Northwestern Mutual denies the statements in this paragraph, except

admits that on or about May 23, 2005 it sent Mr. Wilson Exhibit 5 Exhibit "E" and that it

did not send, nor was it required to send, Mr. Wilson a notice of cancellation of the

Whole Life Policy.  Per New York State law, where the insured elects to make monthly

premium payments, no cancellation notice is required.  Since Plaintiff had elected to

make monthly premium payments on the Whole Life Policy, Northwestern Mutual was

not required to provide him with a written notice of cancellation.  With respect to the

Term Policy, Mr. Wilson's requested refund was completed in two stages.  The May 23,

2005 notice was automatically generated after the first stage -- the refund of the future

premiums for June through December 2005 – was initiated.  This notice, however,

became moot once the second stage – the refund of the premiums for the months of

March, April and May, 2005 -- was effected.    See, February 26, 2008 Affidavit of Diane

Knueppel.

       8.       Northwestern Mutual denies the statement in this paragraph, except admits

it did not send Mr. Wilson a letter rescinding the May 23, 2005 Notice.  However, there

was no requirement for such since the Notice became moot once the refund for the

premiums for March, April and May 2005 was processed.  Moreover, there is no

evidence that Mr. Wilson relied to his detriment on the May 23, 2005 Notice, nor could

there be since Northwestern Mutual was complying with Mr. Wilson's request for a

refund of all premiums retroactive to February 28, 2005.

       9.       Northwestern Mutual denies the statements in this paragraph, except that it

admits that it issued two refund checks, one for $154.07 covering the period from June

2005 through December 2005 and one for of $81.03, covering the period from March

2005 through May 2005. See, Knueppel Affidavit at ¶¶ 11-13.

       10.     Northwestern Mutual can neither admit nor deny when Plaintiff received

Northwestern Mutual's checks.  Northwestern Mutual however admits that the check for

$154.07 was deposited by plaintiff and returned to Northwestern Mutual's bank for

cancellation, but that the check for $81.03 was not deposited or returned to Northwestern

Mutual's bank for cancellation.

       11.     Northwestern Mutual denies the statements in this paragraph, except

admits that plaintiff, as the designated beneficiary of the Policies, submitted a claim for

the proceeds of the Policies.

12.    Northwestern Mutual admits that it declined payment of the proceeds of the Policies because both policies lapsed in accordance with Mr. Wilson's request, as of February 28, 2005.    Moreover, there is no "NML 99-100" contained in Exhibit "8."

RIVKIN RADLER LLP
Attorneys for Defendant,
The Northwestern Mutual Life Insurance
Company

By:    Norman L. Tolle
926 RexCorp Plaza
Uniondale, N.Y. 11556
516-357-3000

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) SS. :
COUNTY OF NASSAU           )


      I, Lisa Sullo, being sworn, say:

      I am not a party to the action, am over 18 years of age and reside in Nassau County, New York.

      On May 6, 2008, I served the within **Defendant's Response to Plaintiff's Rule 56.1 Statement** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

      Douglas R. Dollinger & Associates
      40 Matthews Street, Suite 101
      Village of Goshen
      Goshen, New York  10924

                          Lisa Sullo

Sworn to before me this
6th day of May, 2008

Notary Public

**SUSAN M. DAVIES**
**Notary Public, State of New York**
**No. 01DA6129334**
**Qualified in Suffolk County**
**Commission Expires June 20, 2009**